UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| COLE D. ENGELSON, | Case No. 2:19-cv-01768-JAD-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| NYE COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff attached his Complaint (ECF No. 1-1) to his *in forma pauperis* application.

**I.   *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Although Plaintiff checked a box indicating that he is proceeding *in forma pauperis* under 42 U.S.C. § 1985 (*id.* at 1), the Court will construe Plaintiff's claim as having been brought under 42 U.S.C. § 1983 for the purposes of this Order. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556

1

U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff is suing "Alexandra Fernandes," "Alex Cox," "Michael Eisenloffel," and "David Boruchowitz" in their official and individual capacities for "[f]alsifying a police report violating Federal Code and State law"; violating NRS as it pertains to libel; violating his Due Process rights under the Fourteenth Amendment of the United States Constitution; "[m]alfeasance of oath"; "[m]alfeasance of a crime"; violating his Eighth Amendment rights; "[c]riminal [n]egligence"; "[a]buse of [p]rocess"; violating 28 U.S.C. § 4101 by "presenting the plaintiff in a false light, [c]ausing [e]motional [d]istress"; "[b]reach of [d]uty"; "[c]riminal [d]efamation"; and, violating "[d]ue [d]iligence." ECF No. 1-1 at 2–6. Under the section of his Complaint captioned "Facts of Case," Plaintiff states that Alexandra Fernandes and Alex Cox, detectives of the Nye County Sheriff's Office, "knowingly falsified a [p]olice [r]eport by submitting libel[ous] statements in [their] Declaration[s] of Arrest[] with the intention of aiding in a [m]alicious [p]rosecution." *Id.* at 3–4. Plaintiff further claims Michael Eisenloffel, "the Undersheriff of the Nye County Sheriff's Office, . . . aid[ed] in a [m]alicious prosecution by cosigning a falsified Declaration and Supplemental

Declaration of Arrest." *Id*. at 4. Finally, Plaintiff alleges that David Boruchowitz, a Lieutenant of the Nye County Sheriff's Office, "knowingly falsified an [o]fficial [p]olice [d]ocument by submitting [l]ibel[ous] [s]tatements in an [u]rgent [r]equest [f]ax."[1] *Id*.

The Court finds Plaintiff fails to sufficiently allege a factual basis on which to evaluate his claims. Specifically, Plaintiff's Complaint is devoid of any description of the alleged offense or the circumstances of his subsequent arrest. Even after construing all allegations of material fact as true and in the light most favorable to Plaintiff (*See Wyler Summit P'ship*, 135 F.3d at 661), Plaintiff's conclusory statements are insufficient to state claims for relief that are plausible on their face. The Court therefore will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint that meets the pleading requirements.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall separate and electronically file Plaintiff's complaint attached to ECF No. 1.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, WITH LEAVE TO AMEND. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

---

[1] Plaintiff alleges David Boruchowitz is employed as a "Captain" with the Nye County Sheriff's Office, but the Nye County Sheriff's Office's Staff Directory online lists Boruchowitz as a "Lieutenant." NYE COUNTY NEVADA SHERIFF STAFF DIRECTORY, http://www.co.nye.nv.us/Directory.aspx?did=82 (last visited Nov. 1, 2019).

1  If Plaintiff chooses to file an amended complaint, the document must be titled "Amended 2 Complaint." The amended complaint must contain a short and plain statement of the grounds for 3 the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must 4 contain a short and plain statement describing the underlying case and Defendants' conduct that 5 constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil 6 Procedure adopt a flexible pleading standard, Plaintiff still must give Defendants fair notice of 7 Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

DATED THIS 5th day of November, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4